IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:98-CR-21

| | |
|---|---|
| REDELL IVEY, JR., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter comes before the Court on petitioner's motion seeking to clarify the terms of his criminal judgment. [DE 61]. The matter is ripe for ruling, and for the following reasons, petitioner's motion is granted.

## BACKGROUND

On July 29, 1998, petitioner was convicted of interstate kidnapping, and aiding and abetting in violation of 18 U.S.C. §§ 1201(a)(1) and 2; use of a firearm during and in relation to a crime of violence, and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2; and unauthorized use of an access device, and aiding and abetting in violation of 18 U.S.C. §§ 1029(a)(5) and 2. Petitioner was sentenced to 390 months' imprisonment, and ordered to pay $16,009.29 in restitution to the victims of his crimes. [DE 36].

Petitioner's co-conspirator, Glenn Moore ("Moore"), was convicted of these same charges subsequent to petitioner. In addition, Moore was convicted of transferring a handgun to a juvenile knowing the juvenile intended to carry and otherwise possess and use it in the commission of a crime of violence in violation of 18 U.S.C. §§ 922(x)(1) and 924(a)(6)(B); and conspiracy to kidnap a person and take that person's money in violation of 18 U.S.C. § 1201(c). *United States v. Glenn Carson Moore*, Case No. 5:98-CR-68 (E.D.N.C.). Moore was sentenced

to life imprisonment and ordered to pay the same amount of restitution as petitioner, to the same victims. Moore was also ordered to pay an additional fine of $4,115.00. *Id.*

In his motion, petitioner appears to request that the restitution be ordered "joint and several." The United States consented to amending the criminal judgments pursuant to Federal Rule of Criminal Procedure 36 to reflect that petitioner and Moore shall be jointly and severally liable for the court ordered restitution pursuant to 18 U.S.C. § 3664(h). [DE 63].

## DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure provides that a court may "correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" after giving notice. "Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature." *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009). "Rule 36 is limited to errors that are clerical in nature, typically where the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes." *Johnson*, 571 F.3d at 718.

The Presentence Investigation Reports for petitioner and Moore describe the same offense conduct, and identify the same victims. However, the criminal judgments entered against petitioner and Moore do not order the restitution as "joint and several." It appears from the record that the court ordered restitution should have been ordered as "joint and several" pursuant to 18 U.S.C. § 3664(h). This is an oversight or omission that can be corrected pursuant to Federal Rule of Criminal Procedure 36, and doing so would avoid potential double recovery for the victims.

Therefore, petitioner's motion to clarify, which is properly construed to be a Rule 36 motion to correct a clerical error, is granted.

## CONCLUSION

For the foregoing reasons, petitioner's motion to clarify is GRANTED pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [DE 61]. Accordingly, the criminal judgments of petitioner and Glenn C. Moore [Case No. 5:98-CR-68] are AMENDED to reflect that petitioner and Moore shall be jointly and severally liable for the court ordered restitution of $16,009.29 pursuant to 18 U.S.C. § 3664(h).

SO ORDERED, this __1__ day of December, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE